IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-22,317-17







EX PARTE JERRY WILSON, AKA STEVE VIC PARKER, AKA VICTOR WATKINS,
Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. FR 39082-L IN THE 264TH DISTRICT COURT

FROM BELL COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unauthorized use
of a motor vehicle, and was sentenced to twenty years' imprisonment. On October 13, 2010,
Applicant received two seven-year sentences for offenses committed while he was out on mandatory
supervision. The seven-year sentences were ordered to run consecutively with his twenty-year
sentence in this case.

 Applicant contends that his twenty-year sentence in this case is being improperly extended,
because the two seven-year sentences have been "included" on his 2013 Certificate of Mandatory
Supervision. It is not clear how the inclusion of the two seven-year cause numbers on the Certificate
of Mandatory Supervision could cause his twenty-year sentence to be extended. However, the
documents in the habeas record, including an affidavit from TDCJ prepared in January of 2012, do
not provide a comprehensive picture of how Applicant's sentences are being calculated. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit updating Applicant's history of release and revocation since the January,
2012 affidavit. The affidavit shall state whether Applicant was approved for parole release on this
twenty-year sentence before the Certificate of Mandatory Supervision was issued on April 11, 2013. 
If Applicant was approved for parole release on this sentence, the affidavit shall state the date of such
approval, and the date upon which the twenty-year sentence "ceased to operate." The affidavit shall
state whether Applicant was actually released to mandatory supervision pursuant to the April, 2013
Certificate, and if so, the date upon which he was released. The affidavit shall state whether
Applicant's mandatory supervision was subsequently revoked, and if so, when. The affidavit shall
state whether or not Applicant is receiving credit for any of the time spent on mandatory supervision. 
Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time
credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall also make findings and conclusions as to whether Applicant is receiving
the proper amount of time credit for any time he spent on mandatory supervision, and as to whether
the remainder of Applicant's twenty-year and seven-year sentences are being calculated concurrently,
or consecutively. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 11, 2013

Do not publish